**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, Subscriber assigned IP address: 73.91.182.51,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03293-TLP-cgc<br><br>JURY DEMAND |

**ORDER GRANTING LEAVE TO SERVE THIRD-PARTY SUBPOENA PRIOR TO A RULE 26(f) CONFERENCE**

Plaintiff Strike 3 Holdings, LLC sued Defendant John Doe based on alleged copyright infringement. (ECF No. 1 at PageID 2.) Plaintiff now moves ex parte for leave to serve a third-party subpoena before a Rule 26(f) conference. (ECF No. 5.) Plaintiff seeks this early discovery to learn Defendant's identity. (ECF No. 6 at PageID 29.) For the reasons below, the Court **GRANTS** the Motion.

**BACKGROUND**

Plaintiff is the copyright owner of several "adult motion pictures." (ECF No. 1 at PageID 1.) And Plaintiff alleges that Defendant, while using the IP address 73.91.182.51, illegally downloaded sixty-five of these motion pictures and distributed them. (*Id.* at PageID 2.) Plaintiff explains that Defendant used the BitTorrent protocol to do so. (*Id*. at PageID 4.)

But Plaintiff does not know Defendant's identity. So Plaintiff moves for leave to serve a subpoena on Defendant's Internet Service Provider ("ISP"), Comcast Cable. (ECF No. 6 at

PageID 27.) As Plaintiff explains, Comcast Cable can correlate the IP address with Defendant's identity. (*See id.*)

## **LEGAL STANDARD**

Under Federal Rule of Civil Procedure 26(d)(1), a party "may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . by court order." But in copyright infringement cases courts often allow early discovery, like the subpoena requested here, before the 26(f) conference. *See Malibu Media, LLC v. Doe*, No. 18-CV-10667, 2018 WL 1122012, at *1 (E.D. Mich. Mar. 1, 2018); *Strike 3 Holdings, LLC v. Doe*, No. 22-10419, 2022 WL 1205008, at *1 (E.D. Mich. Apr. 22, 2022).

And when faced with requests for early discovery in copyright cases, courts within the Circuit have applied the Second Circuit's framework laid out in *Arista Recs., LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). *See, e.g.*, *Strike 3 Holdings, LLC*, 2022 WL 1205008, at *1. The factors to consider are:

> (1) the concreteness of the plaintiff's showing of a prima facie claim of actionable harm, ... (2) the specificity of the discovery request, ... (3) the absence of alternative means to obtain the subpoenaed information, ... (4) the need for the subpoenaed information to advance the claim, ... and (5) the objecting party's expectation of privacy.

*Arista Recs., LLC*, 604 F.3d at 119 (citation modified). The Court will now apply this framework to assess whether the Court should allow the third-party subpoena here.

## **ANALYSIS**

The *Arista* factors compel the Court to allow the early third-party subpoena. As for the first factor, Plaintiff has alleged a prima facie case of copyright infringement. To show infringement, Plaintiff must prove "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*,

499 U.S. 340, 361 (1991). Plaintiff has plausibly met both elements. It alleges that it owns the works at issue and that each work is "an original work of authorship." (ECF No. 1 at PageID 8.) And Plaintiff adds that it "owns the copyrights to the Works and the Works have been registered with the United States Copyright Office." (*Id.*) Plaintiff also states that Defendant, without consent, "copied and distributed the constituent elements of Plaintiff's Works using the BitTorrent protocol." (*Id.*)

The second factor also favors Plaintiff because the discovery request seeks specific, narrow information. *Cook Prods., Inc. v. Does 1-9*, No. 3:16-CV-838-DJH, 2017 WL 4077014, at *2 (W.D. Ky. Sept. 14, 2017). Indeed, Plaintiff demands "only" "the true name and address of Defendant" to "prosecute the claims made in its Complaint." (ECF No. 6 at PageID 27.) As for the third factor, Plaintiff contends that other ways to discover Defendant's identity do not exist. (*Id.* at PageID 32.) The Court agrees with Plaintiff on this point. And for the fourth factor, Plaintiff has shown that it needs the requested information to pursue its claim. (*Id.* at PageID 27, 32.)

Lastly, the request can still allow the Court to protect the Defendant's expectation of privacy. As a computer user, Defendant has only a limited privacy interest to his or her subscriber information. *Cf. Guest v. Leis*, 255 F.3d 325, 336 (6th Cir. 2001) ("[C]omputer users do not have a legitimate expectation of privacy in their subscriber information because they have conveyed it to another person."). That said, the Court recognizes the subject matter of this litigation could cause embarrassment for some. To balance Plaintiff's need for discovery against Defendant's privacy, the Court finds good cause to issue a protective order in this case. *Strike 3 Holdings, LLC v. Doe*, 329 F.R.D. 518, 522 (S.D.N.Y. 2019).

The protective order allows Defendant to litigate this action anonymously, which will protect Defendant from any potential embarrassment or reputational harm that may arise from any misidentification or the subject matter of the copyright. To offset risk that Plaintiff would coerce a settlement against Defendant by threatening to unmask him or her in this lawsuit, the protective order prohibits Plaintiff from initiating any settlement discussions before service of the Complaint. And to avoid any unnecessary burden to Comcast Cable, the protective order provides ample time for Comcast Cable to identify and serve Defendant and allows Comcast Cable to seek the costs of complying with the subpoena from Plaintiff.

The circumstances presented in this case support granting Plaintiff's Motion.

## CONCLUSION

The Court **GRANTS** Plaintiff's Motion for Leave to Serve a Rule 45 Subpoena on Comcast Cable to obtain Defendant's name and physical address. The Court also orders the protective conditions below. Failure to comply with any of the conditions may result in sanctions.

1. Defendant may proceed anonymously as "John Doe" in this case unless the Court orders otherwise.
2. Before service of the Complaint, Plaintiff shall not initiate settlement discussions or try to contact Defendant, without leave of Court. But if Defendant contacts Plaintiff to initiate such discussions, Plaintiff may participate and settle the case.
3. Plaintiff may immediately serve a subpoena in compliance with Fed. R. Civ. P. 45 ("Subpoena") on Comcast Cable to obtain only the name and address of the internet subscriber(s) associated with the IP address 73.91.182.51. Plaintiff may not seek or obtain the subscriber's phone number or email address. Without a further court order,

Plaintiff may not discover potential defendants other than the subscriber who is associated with the IP address 73.91.182.51. Plaintiff must attach a copy of this Order to the Subpoena, along with the attached "Notice to Defendant."

4. Comcast Cable will have 60 days from the date Plaintiff serves the Rule 45 Subpoena on it to determine the name and address of the subscriber(s) associated with the IP address 73.91.182.51 and to serve the subscriber(s) with copies of: (1) the Subpoena; (2) the "Notice to Defendant"; and (3) this Order. Comcast Cable may serve the subscriber(s) associated with the IP address 73.91.182.51 by written notice sent to the subscriber's last known address, using either first-class mail or via overnight service. The papers must be enclosed in an envelope in the following order: (1) the Subpoena; (2) the "Notice to Defendant"; and (3) this Order. Service shall be deemed complete three days after mailing.

5. Comcast Cable must file proof of service on the docket in this case within 10 days of mailing the documents to the subscriber(s) associated with the IP address 73.91.182.51. Comcast Cable shall redact the name and address of the subscriber(s) associated with the IP address 73.91.182.51 from the proof of service filed on the public docket. The unredacted copy of such proof of service shall be filed ex parte under seal with access only to Comcast Cable and the Court.

6. Defendant has 60 days from the date Comcast Cable serves on him or her the Subpoena, this Order and "Notice to Defendant" to file any motions with this Court contesting the Subpoena (including a motion to quash or modify the subpoena).

7. Comcast Cable shall not turn over the subscriber(s)' identifying information to Plaintiff's counsel before the end of 60-day period after service. If Defendant or Comcast Cable

moves to quash or modify the Subpoena, Comcast Cable shall not turn over any information to Plaintiff's counsel until the Court has decided the motion(s). And then Comcast Cable may only turn over the information if the Court issues an order instructing Comcast Cable to produce the requested discovery. Comcast Cable shall preserve any subpoenaed information pending the resolution of any timely filed motions challenging the Subpoena.

8. If the 60-day period lapses without Defendant or Comcast Cable contesting the Subpoena, Comcast Cable will have 10 days to produce the information responsive to the Subpoena to Plaintiff's counsel for "Attorneys' Eyes Only" review. Comcast Cable must provide a written statement to Plaintiff's counsel confirming compliance with this Order, which Plaintiff's counsel shall then file under seal with the Court. Any information produced by Comcast Cable will be limited to review on an "Attorneys' Eyes Only" basis and shall not be disclosed to Plaintiff, its employees, or agents.

9. Should Defendant appear in this action by contacting Plaintiff's counsel, filing a response to the complaint, or otherwise, Plaintiff may submit a letter request to change the designation of information produced by Comcast Cable from "Attorneys' Eyes Only" to "Confidential." Any information disclosed to Plaintiff in response to the Subpoena under this Order may be used only for protecting Plaintiff's rights as stated in its Complaint and only for this action, and no other purpose, including, but not limited to, future litigation against the same Defendant, unless otherwise ordered by the Court.

10. If Defendant moves to quash the Subpoena or to proceed anonymously, Defendant shall, at the same time as any such filing, also notify Comcast Cable so that Comcast Cable is

on notice not to release any of Defendant's information to Plaintiff until the Court rules on the motions.

11. Comcast Cable may elect to charge Plaintiff for the costs of production. If it chooses to charge Plaintiff, it must confer with Plaintiff and provide a billing summary and cost report to Plaintiff. But Comcast Cable shall not assess any charge before providing the information requested in the Subpoena.

12. Plaintiff's time to serve Defendant pursuant to Fed. R. Civ. P. 4(m) is extended to either thirty days after the expiration of the period within which Defendant or Comcast Cable may move to quash or modify the Subpoena, or until thirty days following the denial of any such motion.

**SO ORDERED**, this 7th day of October, 2026.

s/Thomas L. Parker
THOMAS L. PARKER
UNITED STATES DISTRICT JUDGE

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| STRIKE 3 HOLDINGS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>JOHN DOE, Subscriber assigned IP address: 73.91.182.51,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-03293-TLP-cgc<br><br>JURY DEMAND |

**NOTICE TO DEFENDANT**

1. You are the defendant in the above-captioned case, Strike 3 Holdings, LLC v. John Doe 73.91.182.51, Case No. 2:26-cv-03293-TLP-cgc, a case pending in the United States District Court for the Western District of Tennessee.

2. Attached is the seven (7) page Order of Judge Thomas L. Parker, United States District Judge, dated October 6, 2026, which sets forth certain deadlines and procedures related to this case. Together with this Notice, but not including the Subpoena, there should be ten (10) pages.

3. You may hire a lawyer to represent you in this case or you may proceed "pro se" (that is, you may represent yourself without the help of a lawyer). If you choose to represent yourself, you may request information about the case from the Clerk's Office of the United States District Court for the Western District of Tennessee, Western Divisional Office, 167 N. Main Street Memphis, TN 38103, which may be reached at (901) 495-1200.

4. Plaintiff in this case, Strike 3 Holdings, LLC, has filed a court action against you claiming that you illegally downloaded and distributed adult movies via your Comcast Cable internet connection.

5. Plaintiff may not know your actual name or address, but it does claim to know the Internet Protocol address ("IP address") of the computer associated with the alleged downloading and/or distributing.

6. Plaintiff has served subpoena(s) requesting your identity and contact information from your Internet Service Provider ("ISP"), Comcast Cable. If you do not want your ISP to provide this information to Plaintiff and you believe there is a basis for the ISP to withhold the information, you may move to "quash" or "modify" the Subpoena with the Clerk's Office. If you choose to file a motion, you must do so within 60 days of the date that your ISP served you with the Subpoena and this Notice.

7. To take action, you should review the Court's Order which is enclosed. If you move to quash the Subpoena or otherwise move to prevent your name from being turned over to Plaintiff, you may proceed anonymously for now. Even so, if you are representing yourself, you will have to provide your contact information to the Clerk's Office at the Court. This information is solely for use by the Court, and the Court will not provide this information to Plaintiff or lawyers for Plaintiff unless it determines there is no basis to withhold it. The Court requires this information so that it may communicate with you about the status of the case.

8. If you do not move to quash or modify the Subpoena, you need not act right now. Perhaps Plaintiff will continue this action against you by serving a complaint on you. At

that time, you will need to act in response to the Complaint as provided by federal law and the Federal Rules of Civil Procedure.

9. Even if you do not move to quash or modify the Subpoena, the Court has ordered that you may still proceed in this case anonymously right now. This means that the Court and Plaintiff will know your identity and contact information, but your identity will not be made public unless the Court determines there is no basis to withhold it. To proceed anonymously without moving to quash or modify the Subpoena, you (or, if represented, your lawyer) should provide a letter to the Clerk's Office stating that you would like to proceed anonymously in your case. This must be done within 60 days of the date that your ISP served you with the Subpoena and this Notice. You should identify yourself in your letter by the case number in which you are a defendant and your IP address. If you submit this letter, then your identity and contact information will not be revealed to the public unless the Court says otherwise.